IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL CASE NO. 3:17-CR-576-B-1 |
| | § |
| RONALD LYNN GRANING, #56608-177, | § |
| DEFENDANT. | § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Ronald Lynn Graning's *Motion for Reduction of Restitution*, which was referred to the United States Magistrate Judge for determination or recommendation under 28 U.S.C. § 636(b). Crim. Doc. 41; Crim. Doc. 42. Upon review, the motion should be **DENIED**.

In 2018, Graning pled guilty to bank robbery and was sentenced to 105 months' imprisonment and ordered to make restitution in the amount $10,750. Crim. Doc. 33. Graning did not file a direct appeal of his conviction or sentence, but now asks the Court to reduce the restitution order by $5,850, the amount of cash he avers was "confiscated" at the time of his arrest. Crim. Doc. 41 at 1-2.

The Court lacks jurisdiction at this juncture to grant Graning's motion and modify his restitution obligation. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (denying a post-judgment motion for reduction of sentence, which was unauthorized and the district court was without jurisdiction to entertain); *see also United States v. Hatten*, 167 F.3d 884, 886-87 (5th Cir. 1999) (concluding that complaints concerning restitution may not be addressed in proceedings on motion attacking sentence under 28 U.S.C. § 2255, but should be raised instead

on direct appeal). Further, as in *Early*, neither the provisions for correction or reduction of a sentence under FED. R. CRIM. P. 35 nor for reduction of sentence under 18 U.S.C. § 3742 provides jurisdiction for the modification Graning seeks. *Early*, 27 F.3d at 142. Likewise, the relief sought is not authorized under 18 U.S.C. § 3582(c)(2), since the request is not premised on an amendment to the United States Sentencing Guidelines. *Early*, 27 F.3d at 142. Accordingly, Graning's motion to reduce the restitution obligation should be **DENIED** for lack of jurisdiction.

**SO RECOMMENDED** on March 11, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).